1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7
8

JAWDAT LAHLOUH, et al.,

Case No.18-cv-02881-VKD

9

Plaintiffs,

10

v.

**ORDER REASSIGNING CASE;
REPORT AND RECOMMENDATION
RE MOTION TO REMAND**

11

DITECH FINANCIAL, LLC,

Re: Dkt. No. 7

12

Defendant.

13

14          Plaintiffs Jawdat and Nisreen Lahlouh sued defendants Ditech Financial, LLC ("Ditech"),

15    Countrywide Home Loans, Inc., Bank of America N.A. ("BANA"), and Does 1-100 for breach of

16    contract and other associated causes of action in California state court.  Dkt. No. 3.  On May 16,

17    2018, Ditech removed this action from Santa Clara County Superior Court.  The Lahlouhs now

18    seek to remand the case for lack of diversity jurisdiction.  Dkt No. 7.

19          Because federal jurisdiction is lacking, this case should be remanded to state court.

20    However, not all defendants have appeared and consented to magistrate judge jurisdiction,

21    therefore the Court **ORDERS** the Clerk of the Court to reassign this case to a district judge with

22    the recommendation that the case be remanded to Santa Clara County Superior Court.

23    **I.      LEGAL STANDARD**

24          Subject matter jurisdiction is fundamental and cannot be waived.  *Billingsly v. C.I.R.*, 868

25    F.2d 1081, 1085 (9th Cir. 1989).  Federal courts can adjudicate only those cases which the

26    Constitution and Congress authorize them to adjudicate—those involving diversity of citizenship

27    or a federal question, or those to which the United States is a party.  *Kokkonen v. Guardian Life*

28    *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Chen-Cheng Wang ex rel. United States v.*

1    *FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims

2    for which they lack subject-matter jurisdiction).

3         Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

4    district courts of the United States have original jurisdiction, may be removed by the defendant or

5    the defendants, to the district court of the United States for the district and division embracing the

6    place where such action is pending." However, the removal statutes are construed restrictively so

7    as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09

8    (1941); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

9    The burden of establishing federal jurisdiction for purposes of removal is on the party seeking

10   removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must

11   remand the case if it appears before final judgment that the court lacks subject matter jurisdiction.

12   28 U.S.C. § 1447(c); *Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 936 (9th

13   Cir. 2003).

14   **II.     DISCUSSION**

15        **A.     Motion for Remand**

16        Ditech removed this case from California state court on the basis of diversity jurisdiction

17   under 28 U.S.C. § 1332. In its Notice of Removal, Ditech asserted that the Lahlouhs are residents

18   of Santa Clara County, California; Ditech is a Delaware corporation with its principal place of

19   business in Pennsylvania; BANA, as a national banking association with its headquarters in North

20   Carolina, is a resident of North Carolina; and "Countrywide Inc." is likewise a North Carolinia

21   entity after its merger with BANA. Dkt. No. 3 ¶ 4. Based on these facts, Ditech asserted that

22   there was complete diversity of the parties.

23        The problem is that Countrywide Inc. is not a named defendant in this action. Rather, the

24   complaint names "Countrywide Home Loans, Inc." as a defendant and states that its principal

25   place of business is California. Dkt. No. 3, Ex. 1 ¶ 2. Because the Lahlouhs also reside in

26   California, the face of the complaint demonstrates that there is no diversity. Subject matter

27   jurisdiction is determined from the face of the complaint, and the Court may not look beyond the

28   complaint to examine the evidence the Lahlouhs submitted with their motion for remand.

1    *Toumajian v. Frailey*, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("For removal to be appropriate, a

2    federal question must appear on the face of the complaint."); *see also Caterpillar, Inc. v. Williams*,

3    482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly

4    pleaded complaint); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189–90 (9th Cir.

5    1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Ditech

6    appears to recognize its error and does not oppose remand, conceding that "Plaintiffs' claim . . .

7    defeating diversity appears to have merit." Dkt. No. 11 at 2, 5.

8    **B.**      **Request for Rule 11 Sanctions**

9    As part of their motion to remand, the Lahlouhs requested "sanctions under Rule 11"

10    against Ditech for failing to perform adequate fact investigation prior to removing the case. Dkt.

11    No. 9 at 2. Ditech correctly points out that such a request is procedurally improper under Fed. R.

12    Civ. P. 11(c)(2). Dkt. No. 11 at 3. The Lahlouhs have since withdrawn their request for sanctions.

13    Dkt. No. 12 at 2. As the request has been withdrawn, the Court does not consider it.

14    **III.**      **CONCLUSION**

15    As jurisdiction is lacking, the Court hereby **RECOMMENDS** that this case be remanded

16    to Santa Clara County Superior Court. Pursuant to Fed. R. Civ. P. 72, any party may serve and

17    file objections to this report and recommendation within 14 days after being served with a copy.

18    The hearing set for June 26, 2018 is hereby **VACATED**, and Ditech's request to appear

19    telephonically (Dkt. No. 17) is **DENIED AS MOOT**.

20    The Clerk of the Court shall reassign this case to a district court judge.

21    **IT IS SO ORDERED AND RECOMMENDED.**

22

23    Dated: June 21, 2018

24

25

26                        VIRGINIA K. DEMARCHI
                       United States Magistrate Judge

27

28